IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD LANE ,** | **CIVIL ACTION NO. 1:11-CV-1907** |
| **Plaintiff** | **(Judge Conner)** |
| v. | |
| **PA BOARD OF PROBATION AND PAROLE,** | |
| **Defendant** | |

**MEMORANDUM**

Gerald Lane ("plaintiff"), an inmate incarcerated at the State Correctional Institution at Retreat ("SCI-Retreat"), Hunlock Creek, Pennsylvania, commenced this civil rights action on October 17, 2011, naming the Pennsylvania Board of Probation and Parole ("the Board") as the sole defendant. Plaintiff moves to proceed in forma pauperis. (Doc. 2.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.   Allegations of the Complaint**

Plaintiff alleges that the Board refused to grant him credit for time spent while incarcerated in the State of New Jersey. (Doc. 1, at 2.) He seeks "an order directing the Board to grant Plaintiff, the full amount of time credit for the time he spent incarcerated in New Jersey, solely on the Board's warrant prior to and following being sentence[d]." (Doc. 1, at 3.) He also seeks to have his "original unexpired sentence" reinstated, and to have the Board "honor the sentencing order of the New Jersey Superior Court, by running the sentence concurrent with the

Parole violation time, thereby, requiring Plaintiff to be discharged from custody." (Id.)

## II.   Standard of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ."  28 U.S.C. §1915(e)(2)(B)(ii).  Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted."  In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations.  Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."   Ashcroft v. Iqbal, 556 U.S. 662,  129 S.Ct. 1937, 1949 (2009).  The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Iqbal, 556 U.S. 662, 129 S.Ct. at 1949.  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2

(3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Twombly, 550 U.S. 544). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. 662, 129 S.Ct. at 1949 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 556 U.S. 662, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S.Ct. at 1948.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has

3

> a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

### III.  Discussion

In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp. 2d 361, 372 (M.D. Pa. 2001). However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Inasmuch as plaintiff is only seeking credit for time served and immediate release from prison, he is precluded from seeking such relief through a civil rights complaint. Under Preiser, a habeas corpus petition is his only available avenue for immediate release. Because plaintiff does not have a plausible claim for relief, his complaint will be dismissed.

**IV.    Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  See Grayson, 293 F.3d at 108.  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  See Foman, 371 U.S. at 182;  see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15).

Given the facts alleged by plaintiff, allowing him to amend would be futile.  However, the dismissal of this action is without prejudice to plaintiff's right to pursue his claim in a properly filed petition for writ of habeas corpus.

## V.     Conclusion

Based on the foregoing, plaintiff's complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order accompanies this Memorandum.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     April 11, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD LANE ,** | CIVIL ACTION NO. 1:11-CV-1907 |
| **Plaintiff** | (Judge Conner) |
| v. | |
| **PA BOARD OF PROBATION AND PAROLE**, | |
| **Defendant** | |

## ORDER

AND NOW, this 11th day of April, 2012, upon consideration of plaintiff's motion for relief from judgment (Doc. 14), and it appearing that plaintiff, who is indigent, seeks a waiver of fees in the case because he improperly filed a civil rights action, as opposed to a habeas corpus action, and it further appearing that 28 U.S.C. § 1915 provides that if a prisoner brings a civil action in forma pauperis, he shall be required to pay the full amount of the filing fee, 28 U.S.C. § 1915(b)(1), and that plaintiff opted to file his lawsuit as a civil rights action, and he is therefore required by statute to pay the filing fee, 28 U.S.C. § 1914; 28 U.S.C. § 1915, it is hereby ORDERED that the motion for relief from judgment is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge